# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                CR NO. 15-02028 WJ

LAWRENCE ROYBAL,

      Defendant.

**DEFENDANT'S RESPONSE TO UNITED STATES' MOTION
FOR UPWARD DEPARTURE AND SENTENCING MEMORANDUM**

**COMES NOW** Defendant Lawrence Roybal, by and through his undersigned counsel, Martin Lopez III, P. C. (Martin Lopez, III), and respectfully submits this memorandum in Response to the "United States Motion For Upward Departure and Sentencing Memorandum." By way of Response, Defendant incorporates by reference his arguments presented to the Court as contained within his Motion for Downward Variance and Sentencing Memorandum (Doc. 29).

**1. Introduction.**

A court may impose a sentence outside the properly calculated sentencing guideline range through either a departure or a variance. A "departure" is typically a change from the final sentencing range computed by examining the provisions of the Guidelines themselves. It is frequently triggered by a prosecution request to reward cooperation . . . or by other factors that take the case "outside the heartland" contemplated by the Sentencing Commission when it drafted the Guidelines for a typical offense. A "variance," by contrast, occurs when a judge imposes a sentence above or below the otherwise properly calculated final sentencing range based on application of the other statutory factors in 18 U.S.C. § 3553(a).[1]

A sentencing court must follow the three-step process set forth by *Gall v. United States*, 552 U.S. 38 (2007) (the district court should begin all sentencing proceedings by correctly

---

[1] *United States v. Rangel*, 697 F.3d 795, 801 (9th Cir. 2012) *cert. denied*, 133 S. Ct. 1294 (U.S. 2013) *citing United States v. Cruz-Perez*, 567 F.3d 1142, 1146 (9th Cir. 2009).

calculating the applicable guideline range, and that "to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). *See also* USSG §1B1.1(a)-(c) (Application Instructions).

First, the court must properly determine the guideline range. Second, the court must determine whether to apply any of the guidelines' departure policy statements to adjust the guideline range. Third, the court must consider all the factors set forth in 18 U.S.C. § 3553(a) as a whole, including whether a variance—a sentence outside the advisory guideline system—is warranted.

In its Motion, the United States contends that the Court should upwardly depart under U.S.S.G. § 4A1.3(a)(1), because Mr. Roybal's criminal history category of II "substantially under-represents the seriousness" of his criminal history "or the likelihood that the defendant will commit other crimes." *See*, Motion at p. 3. According to the United States, Mr Roybal's "extensive tribal" court criminal history "supports an upward departure based upon USSG § 4A1.3(a)(1)." The United States concedes, however, that Mr. Roybal's tribal criminal history involves offenses "which involved alcohol and violence." *See* Motion at p. 4.

The record, on most, if not all, of Mr. Roybal's tribal court cases confirms that the convictions were without legal counsel. *See*, Pre-Sentence Report (hereinafter referred to as "PSR"), at ¶¶ 30-35. Details of Mr. Roybal's additional charges including attorney representation in the Jicarilla Apache Tribal Court in Dulce, New Mexico were not available. *See*, PSR at ¶ 39.

Mr. Roybal voiced his objections to the United States Sentencing Guidelines within his "Motion for Downward Variance and Sentencing Memorandum" where he detailed the United States Sentencing Commission's findings that a) the established guidelines for violent crimes and sex offenses were "significantly more severe that past practice;" b) the Guidelines that establish base offense levels for aggravated assault were not based on empirical data and national experience but driven by Congressional directive; and c) Native American defendants are treated

more harshly by the federal sentencing system than if they were prosecuted in their respective states. *See*, Lawrence L. Piersol, *et al., Report of the Ad Hoc Advisory Group on Native American Sentencing Issues*, 21 n.37 (Nov. 2003) (Native Amer. Adv. Group Rep't).

### 2. Even If This Is A Case Which A Departure Is Authorized Under U.S.S.G. §4A1.3(a)(1), The Court Should Exercise Its Discretion To Not Upwardly Depart And Vary Downward.

Even if the Court were authorized to depart because of a perceived under-representation of Mr. Roybal's criminal history, the Court should consider the United States' request for an enhanced criminal penalty with what occurred in this case. Do the facts of the crime fall into the heartland of cases it sees? The motivating catalyst in this case was alcohol. When mixed with an individual from a tumultuous, emotionally and physically abusive childhood, fueled by alcohol and physical and mental illness, the Court should consider treatment rather than prolonged incarceration.

### 3. Considering The § 3553(a) Factors, The Court Should Sentence Mr. Roybal To A Lower Sentence With Long-Term Residential Alcohol Treatment.

The final step in the determination of a defendant's sentence is to apply the factors that 18 U.S.C. §3553(a) sets forth. The United States asks the Court to depart upward in light of the §3553(a) factors. Mr. Roybal asks the Court to vary downward in fashioning a sentence that is sufficient, but not greater than necessary, to accomplish the statutorily defined goals of sentencing,

#### A. Defendant's Criminal History and The Nature of Characteristics of the Defendant.

In federal criminal cases, courts consider whether mental health, medical or psychosocial information warrants a more compassionate sentence. Mr. Roybal's extensive social, medical, and psychological history speaks volumes when considering the circumstances of his life. Abuse, suicide attempts, alcoholism, jail, mental illness, and physical disorders have plagued him all of his life. A broad consideration of his psychiatric, psychosocial, and medical factors and their impact on Mr. Roybal's past and present resulted in a non-coerced, non-manipulative

admission of responsibility in this case even with mental disorders and addictions that could arguably reduce Mr. Roybal's capacity to appreciate his criminal conduct. The characteristics of Mr. Roybal require diversion to specialized treatment.

U.S.S.G. §5H1.12 provides that "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted." [2] However, there is authority justifying a downward departure in extreme cases such as Mr. Roybal's.

The role of alcohol dependence in reservation crime is devastating. U.S.S.G. §5H1.4 provides that drug or alcohol dependence or abuse is not *ordinarily* a reason for downward departure. Further, the policy statement explains that substance abuse is "highly correlated to an increased propensity to commit crime," and recommends "that a defendant who is incarcerated also be sentenced to supervised release with a requirement that the defendant participate in an appropriate substance abuse program (*see* §5D1.3(d)(4))." Similarly, "where a defendant who is a substance abuser is sentenced to probation," the policy statement "strongly recommend[s] that the conditions of probation contain a requirement that the defendant participate in an appropriate substance abuse program (*see* §5B1.3(d)(4))."

In cases where §5C1.1, Application Note 6, is applicable,[3] "a downward departure [from Zone C to Zone B] may be appropriate to accomplish a specific treatment purpose." However, a court may not impose a *longer* sentence solely to make the defendant eligible for drug treatment programs in prison.[4]

---

[2] *see United States v. Rivera,* 192 F.3d 81, 84 -85 (2d Cir. 1999) (while "the Guidelines foreclose any downward departure for lack of youthful guidance. . . . a downward departure may be appropriate in cases of extreme childhood abuse").

[3] §5C1.1 comment. (n.6) describes circumstances in which a departure from a sentence in Zone C to Zone B may be appropriate to achieve substance abuse or mental health treatment in a community setting.

[4] *See Tapia v. United States*, 131 S. Ct. 2382 (2011).

A "variance" outside the guideline range provided for in the *Guidelines Manual* should occur after consideration of all relevant departure provisions.[5] Courts have held that variances are not subject to the guideline analysis for departures.[6] In some situations, a prohibited ground for departure may be a valid basis for a variance.[7]

### B. Defendant's Health Problems

Federal caselaw allows for variances due to a defendant's physical and mental illnesses. *See, United States v. Almenas*, 553 F.3d 27 (1st Cir. 2009) (affirming downward variance of 43 months below the bottom of the guideline range based on defendant's combination of physical and mental disabilities); *United States v. Meyers*, 503 F.3d 676 (8th Cir. 2007) ("district court did not abuse its discretion in finding that a shorter period of incarceration, with mental health treatment and supervised release, is the most effective sentence").

**WHEREFORE,** Defendant requests the Court deny the United States' Motion for an Upward Departure, and urges the Court to exercise its discretion to vary downward from the advisory guidelines in this case to require long term residential alcohol treatment as a component of Mr. Roybal's sentence.

                                                Respectfully submitted,

                                                **MARTIN LOPEZ, III**
                                                A Professional Corporation

                                                *Electronically Filed December 18, 2015*
                                                Martin Lopez, III
                                                Attorney for Defendant Roybal
                                                1500 Mountain Rd. N. W.
                                                Albuquerque, NM 87104
                                                Tele: (505) 243-2900

---

[5] *See United States v. Nuzzo*, 385 F.3d 109 (2d Cir. 2004) (on remand, district court must adhere to the requirements of the PROTECT Act to state in open court, "with specificity in the written order and judgment," reasons for imposing a sentence outside the guidelines).

[6] *See e.g. United States v. Fumo*, 655 F.3d 288, 317 (3d Cir. 2011), as amended (Sept. 15, 2011).

[7] *See e.g. United States v. Chase*, 560 F.3d 828 (8th Cir. 2009) (departure precedents do not bind district courts with respect to variance decisions, but may be considered "persuasive authority").

**I HEREBY CERTIFY** that a true
and correct copy was forwarded via
e-mail and electronic notice to Assistant
U. S. Attorney Raquel Ruiz-Velez this
18th day December, 2015.

*Electronically Filed December 18, 2015*
Martin Lopez, III