IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 15-02028 WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| **LAWRENCE ROYBAL**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO UNITED STATES' MOTION FOR UPWARD DEPARTURE AND SENTENCING MEMORANDUM**

The United States of America, through its undersigned counsel, hereby files its reply to Defendant's response to the United States motion for upward departure and sentencing memorandum.

  I. <u>An upward departure based on Defendant's under-represented criminal history is warranted.</u>

The United States Sentencing Guidelines (hereinafter Guidelines) are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 128 S.Ct. 586, 594 (2007) (*citing Rita v. United States*, 551 U.S. 338, 349 (2007)). "[T]he Guidelines should be the starting point" of the sentencing proceedings, however, the sentencing judge "must make an individualized assessment based on the facts [of the case]" Gall*,* 128 S.Ct. at 596-97. The sentencing judge must also "give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Id.* at 594.

An upward departure based on the Defendant's under-represented criminal history is appropriate in this case. *See* USSG § 4A1.3(a). The Defendant has an outstanding tribal criminal history that includes convictions for violent and alcohol-fueled offenses. These tribal convictions are not counted in the calculation of the Defendant's criminal history category, but may be considered for an upward departure based on the inadequacy of his criminal history category. *See id.* Furthermore, the Court may consider the Defendant's "unconvicted conduct" as grounds for upward departure. *United States v. Robertson*, 568 F.3d 1203, 1211 (10th Cir. 2009); *see also* USSG § 4A1.3(a)(2)(E).

The Defendant's tribal convictions may be considered for an upward departure even though they were uncounseled.[1] *See* USSG § 4A1.3(a)(2)(A); s*ee also United States v. Romero*, 442 Fed.Appx. 399 (10th Cir. 2011) (affirming upward departure based on prior history of assault-related offenses)[2]; *United States v. Webster*, 373 Fed.Appx. 867 (10th Cir. 2010) (affirming upward departure for under-representation of criminal history based on past conduct similar to the offense in the case before the court). The Defendant's lengthy tribal criminal history and likelihood of recidivism place him "outside the 'heartland' of typical cases considered by […] the Guidelines." *Robertson*, 568 F.3d at 1213. Thus, the Court may consider Defendant's tribal convictions and past similar conduct as grounds for an upward departure.

> II. <u>A sentence at the high end of Defendant's guideline range will not create unwarranted sentencing disparities between similarly situated defendants.</u>

The Defendant pleaded guilty to assaulting, resisting, impeding a federal officer with a dangerous weapon in violation of 18 U.S.C. § 111(a) and (b). Although the Defendant, who is

---

[1] In *United States v. Shavanaux*, 647 F.3d 993, 999 (10th Cir. 2011), the Tenth Circuit explained that "ICRA does not require Indian tribes to provide counsel at tribal expense to criminal defendants. It held that "tribal convictions obtained in compliance with ICRS are necessarily compatible with due process of law." *Id.* at 1000.
[2] In *Romero*, the district court sentenced the defendant to 51 months of imprisonment for assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b). *United States v. Romero*, 442 Fed.Appx. 399 (10th Cir. 2011). The Tenth Circuit affirmed "the judgment of the district court." *Id.* at 405.

an enrolled member of the Jicarilla Apache Nation, committed this offense on the Jicarilla Apache reservation, the jurisdiction over the Defendant is not based on 18 U.S.C. § 1153, Offenses Committed Within Indian Country. The jurisdiction over the Defendant is based on his assault on a federal officer. The elements for assaulting, resisting, impeding a federal officer with a dangerous weapon are:

> (1) the Defendant forcibly assaulted, resisted, opposed, impeded, intimidated or interfered with a Federal officer; (2) the person assaulted, resisted, impeded, intimidated or interfered with was a federal officer who was engaged in the performance of his official duty; (3) the Defendant did such act[s] intentionally; and (4) in doing such acts, the defendant used a deadly or dangerous weapon.

*See* Pattern Criminal Jury Instructions 10th Cir. 2.09 (2011).

A sentence within the guideline range is the best approach to prevent unwarranted sentencing disparities between similarly situated defendants. *See United States v. Soto*, 660 F.3d 1264, 1269 (10th Cir. 2011) ("Sentences within the properly-calculated guidelines range are entitled to a rebuttable presumption of reasonableness or rationality on appellate review."). The Guidelines have set a range of 57 to 71 months of imprisonment for a defendant who has a criminal history category of III and has committed the offense at issue here. However, given the history and characteristics of the Defendant, a sentence at the high end of the Defendant's guideline range is an appropriate sentence in this case.[3]

    III.    <u>Taking into consideration the factors set forth in 18 U.S.C. § 3553(a) a sentence at the high end of the Defendant's guideline range is an appropriate sentence.</u>

"Section 3553(a)(2)(A) requires judges to consider 'the need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" *Gall*, 128 S.Ct. at 598. In the instant case, the Defendant does not present factors that warrant a downward variance. On the contrary, when the Court takes into

---

[3] *See United States v. Antone*, 461 Fed.Appx. 815 (10th Cir. 2012) (affirming defendant's sentence of 92 months of imprisonment for assaulting a federal officer).

consideration the factors set forth in 18 U.S.C. § 3553, it may conclude that a sentence at the high end of the Defendant's guideline range is sufficient, but not greater than necessary to comply with the purposes of sentencing.

The instant offense is not the Defendant's first incident with law enforcement, specifically with Jicarilla Apache Police officers. In fact, his tribal criminal history shows that he has assaulted police officers in the past. Moreover, the Defendant's criminal history shows his propensity for violence, alcohol abuse problem and no respect for the law.

A sentence at the high end of the Defendant's guideline range will reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense and protect the public. Taking into consideration the Guidelines and the factors set forth in 18 U.S.C. § 3553, it is appropriate for the Court to sentence the Defendant to a term of imprisonment at the high end of his guideline range.[4]

## IV. Conclusion

WHEREFORE, the United States requests the Defendant be treated as a criminal history category of III, and this Court sentence the Defendant to a term of imprisonment at the high end of the guidelines imprisonment range for a person with an offense level of 23 and a criminal history category of III. A sentence of 71 months is sufficient, but not greater than necessary, to accomplish the sentencing objectives set forth in 18 U.S.C. § 3553(a).

---

[4] A split sentence of imprisonment and community confinement at a long-term residential alcohol treatment program is not warranted because the Defendant's applicable guideline range is in Zone D of the Sentencing Table. Section 5F1.1 of the Guidelines indicates that "[c]ommunity confinement may be imposed as a condition of probation or supervised release." However, USSG § 5B1.1, Application Note 2, does not authorize a sentence of probation when the applicable guideline range is in Zone C or D of the Sentencing Table.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed 12/23/2015*
RAQUEL RUIZ-VELEZ
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that on the 23rd
day of December, 2015, I filed the foregoing
pleading electronically through the CM/ECF
system, which caused counsel of record
to be served by electronic means on this date.

*/s/*_____
Raquel Ruiz-Velez
Assistant U.S. Attorney